NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, NURSE ALLIANCE, LOCAL 121RN, Local 121RN,<br><br>          Petitioner,<br><br>  v.<br><br>NATIONAL LABOR RELATIONS BOARD,<br><br>          Respondent. | No. 10-72082<br><br>NLRB No. 21-CB-14428<br><br>MEMORANDUM[*] |

| | |
|---|---|
| CAROLE JEAN BADERTSCHER,<br><br>          Petitioner,<br><br>  v.<br><br>NATIONAL LABOR RELATIONS BOARD,<br><br>          Respondent. | No. 10-72182<br><br>NLRB No. 21-CB-14428 |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>      Petitioner,<br><br>  v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, NURSES ALLIANCE, LOCAL 121RN,<br><br>      Respondent. | No. 10-72481<br><br>NLRB No. 21-CB-14428 |

On Petition for Review of an Order of the
National Labor Relations Board

Argued and Submitted June 17, 2011
San Francisco, California

Before: SCHROEDER, RIPPLE,** and BEA, Circuit Judges.

Service Employees International Union, Local 121RN-Nurses Alliance (the

Union) and Carole Jean Badertscher petition for review of a decision of the

National Labor Relations Board (the Board). The Board has cross-applied for

enforcement of the order accompanying that decision.

---

     ** The Honorable Kenneth F. Ripple, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

The Union principally challenges the Board's finding that the Union violated § 8(b)(1)(A) of the NLRA by distributing its dues flyer. The Board found that the strong unconditional language of the flyer was coercive as to the employees who had no obligation to pay dues during the contractual hiatus. Substantial evidence supports the Board's finding. See Bldg. Material and Dump Truck Drivers, 274 NLRB 603, 604 (1985) (finding a § 8(b)(1)(A) violation when a Union's actions "have a reasonable tendency to coerce those employees who desire to refrain from joining or assisting the union at a time when they were within their Section 7 rights to do so" (emphasis in the original)). The remaining contention, with respect to the legal standard applied to the conduct, is without merit and, in any event, was not raised before the Board. See 29 U.S.C. § 160(e) ("No objection that has not been urged before the Board, its member agent, or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.")

Badertscher, for her part, challenges the Board's decision not to rule on her additional charge that the Union also violated § 8(b)(1)(A) by circulating a flyer describing the impact of California's professional strikebreaker statute on employees. The Board did not decide the merits of her claim and she did not seek

3

reconsideration before the Board.  We, therefore, do not reach this challenge.  <u>See</u>

29 U.S.C. § 160(e).

The Board's application for the enforcement of its order, 10-72481, is

**GRANTED**.  The Union's petition for review, 10-72082, is **DENIED**.

Badertscher's petition for review, 10-72182, is **DISMISSED**.